1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 | PIPER JAFFRAY & CO., formerly
12 | known as U.S. BANCORP PIPER JAFFRAY, INC.,

                     Plaintiff,

       vs.

MARKETING GROUP, USA, INC.; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE REAL PROPERTY DESCRIBED IN THIS COMPLAINT ADVERSE TO PLAINTIFF'S INTEREST OR ANY CLOUD ON PLAINTIFF'S INTEREST; DEAN MILLER; LEE SAMANGO; MICHAEL SHAMSHOUM; and FORWARDSTEP CONSULTING, INC.,

                   Defendants.

AND RELATED

COUNTERCLAIMS.

CASE NO. 06-CV-2478-H (POR)

ORDER DENYING PLAINTIFF'S REQUEST TO CERTIFY SUMMARY JUDGMENT ORDER

27       On July 12, 2007, the Court filed an order denying with prejudice in part and

28 without prejudice in part plaintiff Piper Jaffray & Co.'s ("Plaintiff") motion for

summary judgment.  (Doc. No. 96.)  On July 23, 2007, Plaintiff filed an ex parte motion to amend the Court's order to include a certification for immediate appeal. (Doc. No. 98.) On July 24, the Court ordered defendants Marketing Group, USA, Inc., Lee Samango, Michael Shamshoum, and/or ForwardStep Consulting, Inc. ("ForwardStep) (collectively "Defendants") to file any opposition to Plaintiff's motion on or before August 8, 2007.  On August 8, 2007, defendants Lee Samango and ForwardStep filed an opposition, which was joined by Michael Shamshoum.  (Doc. Nos. 99-100.)

The denial of a motion for summary judgment is generally an interlocutory order from which no appeal is available until the entry of judgment following the trial on the merits.  See Hopkins v. City of Sierra Vista, Ariz., 931 F.2d 524, 529 (9th Cir. 1991). An order denying a motion for summary judgment may be reviewed by permissive interlocutory appeal, however, if a district court certifies that the order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance ultimate termination of the litigation.  See 28 U.S.C. § 1292(b).  The Ninth Circuit has stated that section 1292(b) is to be applied sparingly and only in exceptional cases, and that the "controlling question of law" requirement be interpreted in such a way to implement this policy.  See In re Cement Antitrust Litigation, 673 F.2d 1020, 1027 (9th Cir. 1982).

Plaintiff requests the Court certify two issues, whether Samango and ForwardStep are precluded from asserting and seeking discovery based upon an unclean hands defense, and whether an issue of fact exists regarding Miller's complete equitable ownership of the property located at 12650 Carmel Country Road, Unit 11, San Diego, California given Shamshoum's answer to the complaint and his prior declarations.  The Court concludes that these are not controlling issues, but rather collateral issues, especially since the Court denied Plaintiff's motion for summary judgment on the issue of Samango and Forward Step's unclean hands defense without prejudice regarding Plaintiff's ability to refile a similar motion after Samango has more

06cv2478

1  time for discovery.  Cf. United States v. Woodbury, 263 F.2d 784,  (9th Cir. 1959)

2  (concluding that district court's decision permitting discovery after denying claim of

3  privilege is not a controlling question of law permitting an interlocutory appeal

4  pursuant to § 1292(b)).  Furthermore, the Court concludes that the determination of

5  these issues would not materially advance the ultimate termination of the litigation

6  since other issues would have to be determined in order to resolve Plaintiff's claims.

7  Accordingly, the Court denies Plaintiff's motion to amend the Court's summary

8  judgment order to include a certification for immediate appeal.

9      IT IS SO ORDERED.

10  DATED:  August 9, 2007

11

12  MARILYN L. HUFF, District Judge
    UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20  COPIES TO:
    All parties of record.

21

22

23

24

25

26

27

28